**Kendra Sue CUYLER, Appellant,**

v.

**Michael Louis MINNS, Individually, Michael Louis Minns, P.L.C., L.T. "Butch" Bradt, Individually, and L.T. "Butch" Bradt, P.C., Appellees.**

No. 14–98–01266–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2001.

Rehearing Overruled Nov. 15, 2001.

212

Brett E. Dressler, Houston, for appellant.

L.T. Bradt, Warren Szutse, Houston, for appellees.

Panel consists of Justices LEE, DRAUGHN, and AMIDEI.*

OPINION

LEE, Justice (Assigned).

Kendra Sue Cuyler, appellant in this case, sued Michael Minns and L.T. Bradt, the attorneys who represented her in an automobile accident claim. This accident claim was tried to a jury, which awarded $5,000 in damages. Cuyler filed suit against Minns and Bradt for malpractice, breach of fiduciary duty, breach of contract, negligence, violations of the Deceptive Trade Practices Act, negligence per se, and violation of the Texas Disciplinary Rules of Professional Conduct. The heart of her complaint is that their negligence prevented her from winning the recovery she deserved. The trial court granted the attorney-defendants' motion for summary judgment. In two points of error Cuyler contends appellees did not establish their entitlement to summary judgment and that the trial court erred in not granting her motion for new trial.

* Senior Justices Lee and Draughn and Former

RULE 166A(I) ISSUES

Appellees sought summary judgment under both the traditional and "no-evidence" summary judgment standards. *See* TEX.R.CIV.P. 166a(c), (i). Appellant first contends that the trial court should not have granted relief under the "no-evidence" summary judgment standard because the motion did not meet the requirements of the rule. We agree.

■ Summary judgments must stand on their own merits. *Rhone–Poulenc Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). Accordingly, on appeal, the nonmovant need not have answered or responded to the motion to contend that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.* A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." TEX. R.CIV.P. 166a(i). The comments to rule 166a(i), which are "intended to inform the construction and application of the rule," state: "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." See TEX.R. CIV. P. 166a(i) cmt. While the motion in this case asserts that it is being filed under both the traditional and "no-evidence" summary judgment standards, it makes no effort to designate those claims which are submitted under (c) and those which are submitted under (i). Furthermore, for those claims presumably submitted under (i), the motion does not single out the elements as to which there is no evidence. The motion therefore does not meet the requirements of the rule.

Justice Amidei sitting by assignment.

Appellees argue, however, that appellant waived any complaint as to the form of their motion because she did not object on this basis in the trial court. Our fellow appellate courts have split on the issue of whether the sufficiency of a motion under Rule 166a(i) may be challenged for the first time on appeal. We find persuasive the reasoning of the San Antonio court of appeals. That court found that if a no-evidence motion for summary judgment is not specific in challenging a particular element, or is conclusory, the motion is insufficient as a matter of law and may be challenged for the first time on appeal. *Callaghan Ranch, Ltd. v. Killam,* 53 S.W.3d 1, 3–4 (Tex.App.-San Antonio 2000). The court reached this conclusion by analogizing to *McConnell v. Southside Ind. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993). In *McConnell,* the movant's motion for summary judgment merely stated that "there are no genuine issues as to any material facts and that these Defendants are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law." *Id.* at 339. The actual grounds for summary judgment were contained in a brief which the motion referred to and which was served on all parties contemporaneously with the motion. *Id.* The supreme court held that the letter of Rule 166a required the grounds to be presented in the motion itself: "Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law." *Id.* at 342.

The *Killam* court reasoned from this holding that a legally insufficient "no-evidence" summary judgment motion may be objected to for the first time on appeal. *Id.* at 3–4. In so doing, the court rejected the reasoning in three other cases which found that an objection was required to preserve this point of error. *See Walton v. City of Midland,* 24 S.W.3d 853, 857–58 (Tex.App.—El Paso 2000, no pet.) (summarily stating that objection is necessary to preserve complaint that motion did not meet requirements of rule 166a(i)); *Williams v. Bank One, Texas, N.A.,* 15 S.W.3d 110, 117 (Tex.App.-Waco 1999, no pet.) (summarily concluding objection necessary to preserve complaint as to specificity); *Roth v. FFP Operating Partners, L.P.,* 994 S.W.2d 190, 194–95 (Tex.App.—Amarillo 1999, pet. denied) (finding motion sufficiently specific and stating complaint would have been waived as an alternative holding). We find the reasoning of the *Killam* court the more persuasive and similarly find that a challenge to a "no-evidence" summary judgment motion may be presented for the first time on appeal.

This result is bolstered by the reasoning in *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563 (Tex.1983). In *Chessher,* plaintiff sued on contract and tort grounds; while the defendant moved for summary judgment only on contract grounds, the trial court erroneously granted summary judgment on both contract and tort grounds. *Id.* at 563. The court of appeals concluded that Chessher had waived his tort claims by failing to raise them in his response to the motion for summary judgment. *Chessher,* 658 S.W.2d at 564. The supreme court found that because appellee had not asked for relief from the tort claims, he had not complied with Rule 166a(c) and so was not entitled to judgment on those claims as a matter of law. *Id.*

To paraphrase the court in *McConnell,* then, there is nothing onerous or unreasonable about requiring the movant to comply with the rule under which he seeks to win a lawsuit without a trial. *McConnell,* 858 S.W.2d at 340. Since appellees' motion did not comply with the dictates of

Rule 166a(i), we find that granting a motion under the "no-evidence" standard was improper. We will therefore consider only arguments advanced under Rule 166a(c).

TRADITIONAL SUMMARY JUDGMENT ISSUES

■■■ Summary judgment provides a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine fact issue. *See Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972). Under the traditional summary judgment standard, the party moving for summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *See Oram v. General Am. Oil Co.,* 513 S.W.2d 533, 534 (Tex.1974); *Swilley,* 488 S.W.2d at 67–68. The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979).

■■■ When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Nixon,* 690 S.W.2d at 548. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Science Spectrum, Inc.,* 941 S.W.2d at 911; *Wornick,* 856 S.W.2d at 733; *Nixon,* 690 S.W.2d at 548–49. On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See Nixon,* 690 S.W.2d at 548.

As a preliminary matter, we address appellees' assertion that any malpractice claim against them was barred because it constitutes an impermissible collateral attack on a jury verdict. This is not the state of the law in Texas. *See, e.g., Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 119 (Tex.2001)(summary judgment on legal malpractice claim, brought after jury verdict on underlying claim, reversed). We will therefore move on to consider the substance of Cuyler's appeal.

■■■ We next address Cuyler's claims that appellees were negligent per se because they violated the Texas Disciplinary Rules of Professional Conduct in their representation of her. Cuyler asserts in her Second Amended Petition that "[v]iolations of the Texas Disciplinary Rules of Professional Conduct constitute negligence per se since the 'Rules' are the same as statutes." This is also not the state of the law in Texas. The Rules by their terms will not support a claim of negligence per se, nor do they give rise to a private cause of action. TEX. DISCIPLINARY R. PROF'L CONDUCT Preamble: Scope, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX.STATE BAR R. art. X, § 9); *see also Adams v. Reagan,* 791 S.W.2d 284, 291 (Tex.App.—Fort Worth 1990, no writ). Because Cuyler could not have recovered on this claim as a matter of law, summary judgment was proper.

We will next determine whether the expert testimony provided by appellees successfully negated any of Cuyler's other causes of action. Appellees filed affidavits from attorneys Andrew L. Jefferson Jr. and Corwin Teltschik, seeking to negate Cuyler's legal malpractice claim. We find

that only one of these affidavits is sufficient to support summary judgment.

■ A legal malpractice claim is based on negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989) In order to succeed, a plaintiff must show that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes and Luce,* 909 S.W.2d 494, 496 (Tex.1995) (citing *Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989)).

■ In order to support a summary judgment, an expert's affidavit must offer an opinion (1) which has a reasoned, demonstrable basis and (2) which the expert is qualified to state. *Burrow v. Arce,* 997 S.W.2d 229, 235–236 (Tex.1999). *Arce* involved an action by 49 settling plaintiffs against their attorneys, alleging professional misconduct and seeking forfeiture of attorney's fees. *Id.* at 232. Defendants' expert, testifying by affidavit, first stated that his conclusions were based on the pleadings and evidence in the case and then concluded that "[e]ach and all of the plaintiffs were reasonably and fairly compensated by way of settlement for those elements of damages which were available to them ..." without giving further details. This Court found that while it would have been helpful for the expert to give details regarding each plaintiff's situation and why the settlement was reasonable as to that plaintiff, it was not required. *Arce v. Burrow,* 958 S.W.2d 239, 253 (Tex. App.—Houston [14th Dist.] 1997). In reversing on this point, the supreme court disagreed: "The absence of such information did not merely make the affidavit unclear or indirect; it deprived Malinak's opinions of any demonstrable basis. We therefore conclude that summary judgment could not rest on Malinak's affidavit." *Burrow v. Arce,* 997 S.W.2d at 236.

■ Jefferson's affidavit was prepared without the benefit of *Arce*'s guidance and suffers from the same shortcomings. Jefferson sufficiently established his expert's credentials as an attorney with 40 years' experience; however, his deposition testimony is conclusory, containing such statements as "Defendants Minns and Bradt did a competent job of presenting evidence to the jury in *Cuyler v. Bennett,* on Plaintiff's behalf." As the supreme court said in *Arce,* an expert cannot merely say, "Take my word for it." *Burrow,* 997 S.W.2d at 236. In substance, Jefferson's affidavit is indistinguishable from the expert's affidavit in *Arce.*

■ The affidavit of Corwin Teltschik, however, is sufficient. Teltschik details not only that he has reviewed the evidence admitted in the underlying case, but goes on to show the basis of his work. For example, he noted that appellees introduced a total of $94,820.60 in medical bills, and brought a doctor of osteopathy and a chiropractor testify as to Cuyler's injuries in their effort to establish sufficient damages. He also went on to show how appellant's own credibility was put at issue in the trial and probably damaged her cause. He concluded that appellees were not negligent in their preparation and presentation of Cuyler's claim. We find that Teltschik's affidavit, standing alone, would be sufficient to support summary judgment on Cuyler's legal malpractice claim. We must next consider whether appellant presented sufficient credible summary judgment evidence to create a fact issue on her malpractice claim. *Wornick Co.,* 856 S.W.2d at 733; *Nixon,* 690 S.W.2d at 549.

In response to appellees' motion for summary judgment, Cuyler filed an affidavit from her expert, Bruce Hagans. During the hearing on her motion for new trial, the trial court acknowledged that he

had considered this affidavit. We therefore will consider whether this affidavit was sufficient to create a genuine issue of material fact on each of appellant's claims.

■ We find Hagans' affidavit to be flawed. It is filled with conclusory statements such as "The Defendants failed to timely designate and identify witnesses whose testimony was necessary for a proper presentation of Ms. Cuyler's case. This failure was negligent and a proximate cause of damage and harm to Ms. Cuyler." The affidavit does not outline what the witnesses might have said or who those witnesses were. As discussed earlier in the context of Jefferson's affidavit, an expert's affidavit in the summary judgment context must show not only the expert's qualifications but must state a sufficient basis for his opinions. *Burrow*, 997 S.W.2d at 236. We therefore find that Cuyler has not met her burden of creating a fact issue on the issue of legal malpractice, and that granting summary judgment on this claim was proper.

■ Furthermore, we find that Cuyler's claims for breach of contract and breach of fiduciary duty represent an impermissible fracturing of her claim for legal malpractice. "If a lawyer's error or mistake is actionable, it should give rise to a cause of action for legal malpractice with one set of issues which inquire if the conduct or omission occurred, if that conduct or omission was malpractice and if so, subsequent issues on causation and damages." *Sledge v. Alsup*, 759 S.W.2d 1, 2 (Tex.App.—El Paso 1988, no writ); *see also Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 133–134 (Tex.App.—Houston [14t Dist.] 1994, no writ) (discussing state's public policy against splintering claims). We find that all these claims arise from the same set of facts and circumstances as the alleged malpractice; since summary judgment on that alleged malpractice was proper, summary judgment on these claims was proper. *See Smith v. Heard*, 980 S.W.2d 693, 697 (Tex.App.-San Antonio 1998, pet. denied).

Finally, we must consider whether summary judgment was proper on Cuyler's DTPA claims. The gist of this claim is that defendants misrepresented the quality of the legal services which they would provide and that they engaged in an unconscionable course of conduct in providing those services. We will take each of these in turn.

■ Cuyler offered no argument or authority to avoid summary judgment on her implied misrepresentations claim against appellees in her brief. Therefore those issues, being inadequately briefed, are waived. *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 280 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

■ Cuyler does offer argument on her claim that appellees engaged in an unconscionable course of action. Attorneys can be found to have engaged in unconscionable conduct by the way they represent their clients. *Latham v. Castillo*, 972 S.W.2d 66, 68 (Tex.1998). However, unconscionable conduct is more than thoughtlessness or a bad result: "It is the difference between negligent conduct and deceptive conduct." *Id.* at 69.

Appellees moved for summary judgment on two bases: (1) that Cuyler had not produced, and could not produce, evidence of unconscionable conduct on their part; (2) that Cuyler did not qualify as a "consumer" under the DTPA because they did not accept a fee for their representation of her. Because we have found that appellees did not properly move for summary judgment under the "no-evidence" standard, summary judgment on this basis would have been improper. We must therefore consider whether appellees' argument that Cuyler was not a "consumer" for purposes of their representation. We find their argument wanting.

Under the pre–1995 version of the DTPA which governs this claim, an act is unconscionable if, to a person's detriment, it "results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration." TEX .BUS. & COM.CODE ANN. § 17.45(5)(b) (Vernon 1987), *revised by* Act of May 17, 1995, 74th Leg., R.S., ch. 414, § 2, 1995 Tex. Gen. Laws 2988, 2989. Appellees argue that by declining to accept their fee for their representation, no consideration was "paid" and therefore a charge of unconscionability will not lie. We disagree. Appellees concede that they had a right to payment; they simply declined to exercise that right. Appellees' unilateral act should not be able to defeat applicability of the DTPA, which is to be "liberally construed and applied to promote its underlying purposes" of protecting consumers. TEX. BUS. & COM.CODE ANN. § 1744 (Vernon 1987). We therefore find that the trial court erred in granting summary judgment on this issue.

## CONCLUSION

The trial court properly granted summary judgment on Cuyler's legal malpractice claim, which subsumes her claims for breach of contract and breach of fiduciary duty. Summary judgment was also properly granted on Cuyler's claims for negligence per se and under the Disciplinary Rules, as well as most of her claims under the Texas DTPA. However, summary judgment was not proper on Cuyler's claim of an unconscionable course of conduct as defined by section 17.45(5)(B). The judgment of the trial court is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.