Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed August 24, 2006








Affirmed in
Part, Reversed and Remanded in Part, and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01176-CV

____________

 

CYNTHIA J. LATHROP, Appellant

 

V.

 

MOMENTUM MOTOR CARS, LTD., D/B/A,
MOMENTUM BMW,
Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2002-56815A

 



 

M E M O R A N D U M   O P I N I O N

Cynthia J. Lathrop, appellant, appeals the grant of summary
judgment to Momentum Motor Cars, Ltd., d/b/a Momentum BMW, appellee.  Appellant
contends the trial court erred in granting appellee=s no-evidence
summary judgment motion because appellant provided more than a scintilla of
evidence on her claims, and appellee did not comply with the specificity
requirements of Rule 166a(i).  We affirm in part and reverse and remand in
part.








Factual and Procedural Background

Because we are reviewing a no-evidence motion for summary
judgment, we lay out the facts as appellant, the non-movant, alleges them.  On
March 31, 2001, Fernando Alucema was speeding down Memorial Drive in Houston,
Texas at approximately 100 miles per hour.  As a service manager for Momentum
BMW, Alucema was entrusted with a BMW 3-series vehicle.  However, because it
had a flat tire on March 31, he drove instead a BMW 7-series, which was
permissible under Momentum=s policies.  While Alucema was driving the
7-series at excessive speeds, he struck Lathrop=s vehicle,
injuring her.  Prior to this accident, Alucema had received at least three
speeding tickets.  Momentum=s policy was to review the driving records
of all its employees.

Lathrop sued Alucema and Momentum on various negligence
theories.  Her insurance company, GEICO, intervened in that suit and is an
amicus on this appeal.  Alucema is not a party to this appeal.  Lathrop alleged
that Momentum was negligent in entrusting a car to Alucema, negligent in
supervising Alucema and its employees generally, and was liable for punitive
damages.  Momentum moved for summary judgment alleging there was no evidence it
had entrusted Alucema with the 7-series, no evidence Alucema was a reckless
driver when entrusted with the vehicle, and no evidence that Momentum had
knowledge of Alucema=s alleged recklessness.  Additionally,
Momentum made conclusory statements that there was no evidence of negligent
supervision, or of either fraud, malice, or willfulness as is necessary to
receive punitive damages.[1] 
The trial court granted summary judgment in Momentum=s favor, severed
those claims from Lathrop=s suit against Alucema, and this appeal
ensued.








On appeal, Momentum re-urges its summary judgment arguments
and also argues that negligent supervision is not a recognized cause of action
in Texas, or at minimum is encompassed in Lathrop=s negligent
entrustment cause of action.  Lathrop argues that a no-evidence motion for summary
judgment is insufficient as a matter of law if it does not specifically state
which elements of a cause of action lack evidence.  Further, she argues that
she has met her burden to create fact issues so as to preclude summary
judgment.  We will affirm in part, and will reverse and remand in part.

Analysis

I.        Standard
of Review for a 166a(i) Motion for Summary Judgment

This case concerns a no-evidence motion for summary
judgment.  Tex. R. Civ. P. 166a(i). 
Our first step is to consider to what extent that motion was legally
sufficient.  A summary judgment motion must stand on its own merits.  Cuyler
v. Minns, 60 S.W.3d 209, 212 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  Therefore, an appellant may raise issues regarding
the motion=s sufficiency for the first time on appeal.  Id. 
To be legally sufficient, a no-evidence motion must state the specific elements
of a cause of action for which there is no evidence.  Id.; see also
Johnson v. Felts, 140 S.W.3d 702, 706 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied) (reversing grant of summary judgment because movant
failed to identify elements of various causes of action lacking evidence).

If the movant has identified specific elements she claims
lack evidence, we must then determine de novo whether the non-movant has
produced more than a scintilla of probative evidence to raise a genuine issue
of material fact.  See Oliphint v. Richards, 167 S.W.3d 513, 515B16 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  We take as true all evidence favorable to the
non-movant and make all reasonable inferences in her favor.  Allen v.
Connolly, 158 S.W.3d 61, 64 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  A no-evidence summary judgment motion must be granted
unless the non-movant produced competent summary judgment evidence raising a
genuine issue of material fact.  Id.  Because the trial court below did
not specify the grounds it relied upon in granting the motion, we will affirm
if any of the grounds are meritorious.  Oliphint, 167 S.W.3d at 516.  








II.       Legally
Insufficient No-Evidence Claims

As an initial matter, we note that Momentum stipulated in
its brief and at oral argument that it filed a no-evidence motion for summary
judgment.  As such, we hold Momentum to the strict requirements of that
motion.  To be legally sufficient, Momentum was required to list the elements
of the various causes of action it contended lacked evidence. 

Below, portions of Momentum=s motion merely
contained conclusory statements about there being no evidence to prove
negligent supervision, or of fraud, malice, or willfulness as required to
receive punitive damages.  Momentum=s conclusory
statements were insufficient as a matter of law.  See Cuyler, 60 S.W.3d
at 212; Johnson, 140 S.W.3d at 706.  Momentum failed to list the various
elements requiring proof, and further failed to state which elements lacked
evidence.  Without specifically listing the elements of the various causes and
action, and then highlighting which particular elements lack evidence, a
no-evidence motion for summary judgment is legally insufficientCas was Momentum=s below.[2]


Because Momentum=s motion was
legally insufficient concerning the cause of action for negligent supervision
and the allegations to prove punitive damages, we reverse and remand as to
those claims.  However, Momentum properly contested three elements of Lathrop=s remaining cause
of action allegedly lacking any evidence: (1) entrustment, (2) recklessness of
Alucema as a driver, and (3) Momentum=s knowledge of any
reckless propensity.  These elements concern the claim of negligent entrustment
and we now consider if the trial court correctly granted summary judgment
because there was no evidence as to one of those elements. 








III.      There is
No Evidence on the Element of Recklessness

The elements of negligent entrustment are (1) the owner
must have entrusted the vehicle, (2) to an unlicensed, incompetent, or reckless
driver, (3) whom the entrustor knew was an unlicensed, incompetent, or reckless
driver, (4) the driver must have been negligent on the occasion in question,
and (5) the driver=s negligence must have been the proximate
cause of the accident.  See Russell v. Ramirez, 949 S.W.2d 480, 489
(Tex. App.CHouston [14th Dist.] 1997, no writ.).  Momentum
challenged only the first, second and third elements.  Because we hold there
was no evidence to prove Alucema was reckless at the time of entrustment, we
need not reach the other challenged elements.

A.      Evidence
of Recklessness

There is no evidence on the issue of whether Alucema was a
reckless driver at the time Momentum entrusted him with the vehicle.[3] 
While the standard for our review requires only enough evidence to raise a fact
issue, and the non-movant need not marshal all her evidence to defeat the
motion, there must be competent summary judgment evidence to raise the fact
issue.  There is no difference between the standards used for determining when
evidence would be admissible for summary judgment purposes and when it would be
admissible at trial.  See United Blood Svcs. v. Longoria, 938 S.W.2d 29,
30 (Tex. 1997) (per curiam).  Viewing Lathrop=s evidence in the
light most favorable to her, and drawing all reasonable inferences in her
favor, there is no evidence on the element of recklessness.








During his deposition, Alucema admitted to having received
at least three speeding tickets.  He provided no details about these speeding
tickets other than they were Ataken care of.@  We do not know
how fast he was going, whether they were for violations on residential streets
or highways, the dates of these violations, or, most importantly, whether he
was adjudicated as guilty for these violations.  Three adjudicated moving
violations could evidence a pattern of excessive, unsafe driving.  Cf. Broesche
v. Bullock, 427 S.W.2d 89, 93 (Tex. Civ. App.CHouston [14th
Dist.] 1968, writ refused n.r.e.) (stating that proof of only one previous
traffic violation is grossly inadequate to establish recklessness, and two
within a two-year period may be inadequate).  However, a statement that an
officer had issued a speeding ticket is not competent summary judgment evidence
on the issue of recklessness in and of itself.  See Hines v. Nelson, 547
S.W.2d 378, 386 (Tex. Civ. App.CTyler 1977, no writ) (stating that while a
driving record or driving habits may show recklessness, if the driving record
contains violations or accidents without an indication of guilt or fault, then
the evidence is insufficient to show recklessness); Beall v. Cooke,
01-00-00150-CV, 2001 WL 699915, at *4 (Tex. App.CHouston [1st
Dist.] June 21, 2001, no pet.) (not designated for publication) (same). 
Without an adjudication of guilt on those citations and without an admission
from Alucema regarding his driving habits or the circumstances giving rise to
the three citations, the evidence of speeding tickets is not enough to raise a
fact issue of recklessness.  Alucema admitted to no more than receiving three
citations from a law enforcement officer, which alleged that he had violated a
penal ordinance.  Cf. Crnic v. Vision Metals, Inc., 14-03-01307-CV, 2005
WL 81629, at *2 (Tex. App.CHouston [14th Dist.] January 6, 2005, no
pet.) (citing Issacs v. Plains Transp. Co., 367 S.W.2d 152, 153 (Tex.
1963) for the proposition that citations are given for possible violations of
penal ordinances or statutes and not for the purpose of establishing fault in
civil litigation).  Thus, no evidence establishes recklessness.  We overrule
appellant=s issue and affirm the judgment of the trial court.         

Conclusion








Having determined that there was no evidence on one of the
elements of negligent entrustment, we affirm the judgment of the trial court in
that respect, but reverse and remand the case for further proceedings on the
issues of negligent supervision, and fraud, malice, and willfulness because the
motion for summary judgment was legally insufficient on those claims.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 24, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman.









[1]  On appeal, Lathrop concedes that she cannot prove
fraud to receive punitive damages; she contends to this court that her claim
relies on an accusation of malice.  She makes no statement regarding
willfulness.





[2]  Momentum also argues, for the first time on appeal, that negligent
supervision is an inappropriate claim in this case.  We do not consider
Momentum=s alternate basis for eliminating
the negligent supervision claim because it is raised for the first time on
appeal.  To effectively raise this argument, Momentum needed to have raised it
in its motion for summary judgment below.  The trial court was not presented
with an opportunity to consider that claim, and it is improperly presented on
appeal.  

 





[3]  While this particular element may be proven by
showing either the driver was unlicensed, or incompetent, or reckless,
appellant has provided adequate briefing only on the issue of recklessness. 
Although she makes passing reference in a subheading and one sentence about
incompetency, she has not challenged whether Alucema was a licensed driver, and
has not highlighted any evidence tending to show that he was incompetent.  It
is undisputed that Alucema was a licensed driver, which is prima facie evidence
of his competency.  See Bartley v. Budget Rent-A-Car Corp., 919 S.W.2d
747, 752 (Tex. App.CAmarillo 1996, writ denied).  Appellant has not
adequately briefed or discussed any evidence tending to rebut that presumption.
 As a result, we are confronted only with evidence and argument that could tend
to prove recklessness.