In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00362-CV


 _____________________



KEVIN WALKER, Appellant



V.



JOHN MORGAN, MIKE LINDSAY AND 


LINDSAY & MORGAN, PLLC, Appellees







On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-177,428






MEMORANDUM OPINION





 This is an appeal from a summary judgment in a lawsuit by a client against his
attorneys. In his response to the motion for summary judgment on his professional
negligence claim, appellant failed to raise a material fact issue concerning causation or
damages. He is not entitled to any recovery under his other claims. We affirm the trial
court's judgment. 

 Kevin Walker and Angela Walker contracted with the law firm of Lindsay & Morgan,
PLLC, to represent them in Kevin Walker's lawsuit (1) against various individuals and
companies, including certain coin companies. Walker allegedly held an ownership interest
in the coin companies. (2) He sued the companies for breach of an employment contract, for
an accounting, and for appointment of a receiver.

 On Walker's behalf, attorney John Morgan settled with the defendants in the coin
company lawsuit for $950,000. The settlement agreement had other terms, including a non-compete agreement and yearly payments. The settlement was memorialized in a Rule 11
agreement. After the attorneys entered into the Rule 11 agreement, Walker's attorneys asked
him to sign settlement documents. He refused. 

 The defendants in the coin company lawsuit filed a counter-claim against Walker for
breach of contract. Following a bench trial, the trial judge signed a final judgment and
ordered that the Rule 11 agreement be enforced based on the attorney's "apparent authority." 

 The judgment ordered Walker to sign all of the closing documents and to pay
attorneys' fees. Pending a determination of issues in the Walkers' divorce proceeding, the
judgment ordered an interpleader of the settlement proceeds. Walker did not appeal that
judgment.

 Walker sued his attorneys. He claimed he did not approve the settlement offer, did
not agree to its terms, and was not informed of the terms until a few days after the Rule 11
agreement. Walker maintains he had previously instructed his attorney not to settle the coin
company lawsuit until after the Walkers' divorce proceeding was settled. 

 Attorneys Morgan and Lindsay and their law firm claim they had authority from the
Walkers to settle the matter. The attorneys maintain that Kevin Walker instructed them to
settle the coin company lawsuit. 

 In his lawsuit against the attorneys, Walker alleged breach of contract, breach of
fiduciary duty, negligence, gross negligence, negligent misrepresentation, and respondeat
superior. The attorneys filed a traditional motion for summary judgment and a no-evidence
motion for summary judgment. Without specifying the grounds for its decision, the trial
court granted summary judgment in favor of appellees. Walker appealed. 

 In their traditional motion, appellees asserted they had actual authority to settle the
coin company lawsuit, and argued all of Walker's causes of action arose out of a legal
malpractice (professional negligence) claim. In the no-evidence motion, appellees contended
there was no evidence to support each element of Walker's six alleged causes of action.

 Walker responded that summary judgment was precluded by a genuine issue of
material fact "concerning whether the defendants had the authority to settle the case on the
terms and conditions to which the defendants bound the plaintiff." The summary judgment
evidence is in large part from the trial of the coin company lawsuit.

 A party filing a traditional motion for summary judgment must show that no genuine
issue of material fact exists, and that the movant is entitled to judgment as a matter of law. 
Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Tex. R. Civ. P. 166a(c). If
a movant conclusively negates at least one essential element of a cause of action, the movant
is entitled to summary judgment on that claim. Sw. Elec. Power Co., 73 S.W.3d at 215. In
deciding whether a disputed material fact issue exists precluding summary judgment, an
appellate court takes as true evidence favorable to the non-movant and indulges every
reasonable inference and resolves any doubts in the non-movant's favor. Nixon v. Mr. Prop. 
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985).

 When filing a no-evidence motion for summary judgment, a movant must allege there
is no evidence of an essential element of the opposing party's claim. Tex. R. Civ. P. 166a(i). 
Although not required to marshal his proof, the non-moving party must then present evidence
that raises a genuine fact issue on each of the challenged elements. Sw. Elec. Power Co., 73
S.W.3d at 215 (citing Tex. R. Civ. P. 166a, notes, and cmts.).

 Appellees argue procedural waiver. They contend Walker briefed only the breach of
fiduciary duty claim, and therefore has waived his other claims. Further, appellees argue that
all of Walker's claims are actually allegations of professional negligence, and that he has
waived the professional negligence cause of action because he has briefed only the breach
of fiduciary duty claim.

 Briefs are meant to acquaint the court with the issues in a case and to present
argument that will enable the court to decide the case. Tex. R. App. P. 38.9. An appellate
court is not required to address other possible arguments when only one is made. See Tex.
R. App. P. 38.1(h), (i). We conclude, nevertheless, that in this case Walker has not waived
the professional negligence claim or the breach of fiduciary duty claim. However, although
Walker mentions breach of contract in his brief, he does not present argument as to the
breach of contract. Walker does not specifically challenge the misrepresentation, gross
negligence, and respondeat superior allegations in his argument on appeal. We therefore
need not address them separately. Id.; see also San Jacinto River Auth. v. Duke, 783 S.W.2d
209 (Tex. 1990). 

 Walker's brief primarily focuses on the breach of fiduciary duty claim. The
relationship between attorney and client is a fiduciary one. Goffney v. Rabson, 56 S.W.3d
186, 193 (Tex. App.--Houston [14th Dist.] 2001, pet. denied). Generally the term "fiduciary"
"applies to any person who occupies a position of peculiar confidence towards another." 
Kinzbach Tool Co. v. Corbett-Wallace Corp., 138 Tex. 565, 160 S.W.2d 509, 512 (1942). 
"[Fiduciary] refers to integrity and fidelity[,]" and "contemplates fair dealing and good faith,
rather than legal obligation, as the basis of the transaction." Id. The attorney-client
relationship is one of good faith, requiring candor, openness and honesty, and the absence
of concealment or deception. See Goffney, 56 S.W.3d at 193. 

 A breach of fiduciary duty claim arises when an attorney improperly benefits from
representation of a client by, for example, subordinating the client's interest to the attorney's
interest, retaining the client's funds, engaging in self-dealing, improperly using client
confidences, failing to disclose conflicts of interest, or making misrepresentations to achieve
those ends. Gibson v. Ellis, 126 S.W.3d 324, 330 (Tex. App.--Dallas 2004, no pet.). If the
court finds that the attorney's conduct was a "clear and serious breach of duty," and fee
forfeiture is "necessary to satisfy the public's interest in protecting the attorney-client
relationship," the client may obtain the equitable remedy of fee forfeiture without proof of
damages. Burrow v. Arce, 997 S.W.2d 229, 240, 246 (Tex. 1999). 

 Walker alleges appellees did not adequately inform him of the terms of the Rule 11
agreement and he did not give his consent. That allegation is at the center of all his alleged
causes of action and, in particular, his breach of fiduciary duty claim. Walker relies on rules
of professional conduct. (3) Under rule 1.02, an attorney has a duty to "abide by a client's
decisions: . . . whether to accept an offer of settlement of a matter, except as otherwise
authorized by law[.]" Tex. Disciplinary R. Prof'l Conduct, Rule 1.02(a)(2), reprinted
in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art.
X, § 9). Comment 5 to rule 1.02 states that the "client may not be asked to . . . surrender the
right to . . . settle or continue litigation that the lawyer might wish to handle differently." Id.
Rule 1.02 cmt. 5. Further, rule 1.03 provides that "[a] lawyer shall keep a client reasonably
informed about the status of a matter and promptly comply with reasonable requests for
information[,]" and "shall explain a matter to the extent reasonably necessary to permit the
client to make informed decisions regarding the representation." Tex. Disciplinary R.
Prof'l Conduct, Rule 1.03, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A
(Vernon 2005) (Tex. State Bar R. art. X, § 9). Comment 1 to rule 1.03 states that "[a]
lawyer who receives from opposing counsel . . . an offer of settlement in a civil controversy
. . . should promptly inform the client of its substance unless prior discussions with the client
have left it clear that the proposal will be unacceptable." Id. Rule 1.03 cmt. 1. 

 In their traditional summary judgment motion, appellees assert that Walker's
pleadings improperly fracture a legal malpractice (professional negligence) claim into
multiple causes of action, including claims of breach of fiduciary duty and breach of contract. 
Appellees maintain that all of Walker's causes of action are in reality legal malpractice
claims. 

 Texas courts have criticized litigants' efforts to re-label a professional negligence
claim as other types of causes of action merely to avoid proof requirements. O'Donnell v.
Smith, 234 S.W.3d 135, 146 (Tex. App.--San Antonio 2007), aff'd, Smith v. O'Donnell, 288
S.W.3d 417 (Tex. 2009). One court has explained that "[t]he rule against dividing or
fracturing a negligence claim prevents legal-malpractice plaintiffs from opportunistically
transforming a claim that sounds only in negligence into other claims." Deutsch v. Hoover,
Bax & Slovacek, L.L.P., 97 S.W.3d 179, 189 (Tex. App.--Houston [14th Dist.] 2002, no pet). 
"If the gist of a client's complaint is that the attorney did not exercise that degree of care,
skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that
complaint should be pursued as a negligence claim, rather than some other claim." Id. at
189-90. 

 In determining whether a breach of fiduciary duty claim exists independently from a
negligence claim, one Texas court has indicated that a breach of fiduciary duty claim
considers whether an attorney obtained an improper benefit from representing the client,
while a negligence claim focuses on whether the lawyer represented a client with the
requisite level of skill. Duerr v. Brown, 262 S.W.3d 63, 71 (Tex. App.--Houston [14th Dist.]
2008, no pet.). Walker's claim is not that Morgan negotiated without any authority, or that
Morgan committed fraud or intentionally settled a claim against his client's wishes. In his
petition, Walker does not allege conflict of interest, fraud, self-dealing, improper benefit,
placing the attorney's interest above the client's interest, or other similar allegations. His
complaint ultimately lies with appellees' handling of his case and his dissatisfaction with
their work and results. See Murphy v. Gruber, 241 S.W.3d 689, 698-99 (Tex. App.--Dallas
2007, pet. denied) (failure to properly advise, inform, and communicate with clients
constituted legal malpractice rather than breach of fiduciary duty). Walker's claims have to
do with the alleged failure to use the standard of care required of an attorney in resolving
litigation on behalf of his client. His concern is partially related to the timing of the signing
of the settlement documents while the divorce proceedings were still pending. The claim is
essentially that his attorneys were negligent in their communication of some of the terms of
the settlement and were mistaken in concluding he consented. The gist of Walker's
complaint is professional negligence rather than breach of fiduciary duty. See Deutsch, 97
S.W.3d at 189. 

 Also, the court's determination of the propriety and necessity of the equitable remedy
of fee forfeiture in the fiduciary duty context must be based on the equity of the
circumstances. Burrow, 997 S.W.2d at 245. The court considers many factors, including the
adequacy of the other remedies. There is no evidence the attorneys engaged in self-dealing. 
Appellant did not appeal the judgment in the underlying lawsuit enforcing the settlement
agreement. Appellees assert Walker accepted the benefits of the settlement by withdrawing
his funds from the registry of the court. A damage remedy might be available under
circumstances where the communication of settlement terms is negligent. Fee forfeiture,
however, would be inequitable under the circumstances of this case. 

 The question remains whether the trial court properly granted the no-evidence
summary judgment on the professional negligence claim. In a professional negligence claim,
the plaintiff must demonstrate "'that (1) the attorney owed the plaintiff a duty, (2) the
attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4)
damages occurred.'" Belt v.Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780,
783 (Tex. 2006) (quoting Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995)). In
their Rule 166a(i) motion, appellees asserted that there was no evidence of any of the
elements of negligence, including proximate cause of injury. Walker then had the burden of
presenting evidence raising a genuine issue of material fact on those elements. See Sw. Elec.
Power Co, 73 S.W.3d at 215. 

 When the alleged professional negligence involves the results of prior litigation, the
plaintiff bears the burden of proving that, but for the attorney's breach of duty, the plaintiff
would have prevailed in the underlying cause of action and would have been entitled to
judgment. Greathouse v. McConnell, 982 S.W.2d 165, 172 (Tex. App.--Houston [1st Dist.]
1998, pet. denied). This has been referred to as the "suit within a suit" requirement. Id. at
173. When the causal link in the professional negligence suit "is beyond the jury's common
understanding, expert testimony is necessary." Alexander v. Turtur & Assocs., Inc., 146
S.W.3d 113, 119-20 (Tex. 2004). The question of the viability of a case, the likelihood of
settlement, an appropriate amount for settlement, and the timing of settlement depend on an
analysis of the law and the facts of the case. 

 In this case, as in general, the determination of the viability, value, and strength of a
claim involve legal analysis and evaluation -- subjects to be evaluated and explained by an
attorney with knowledge of the applicable law and facts. There is no expert evidence
showing the value of Walker's claims in the coin company lawsuit, and no evaluation of
whether his claims would somehow have entitled him to greater recovery than that afforded
by the settlement. Walker's response to the no-evidence summary judgment motion does not
raise a material issue of fact on whether he would have prevailed in the coin company
lawsuit, or could have obtained a different, more beneficial recovery but for the conduct of
his attorneys. Appellant has not produced more than a scintilla of evidence on the elements
of proximate cause or damages in his professional negligence claim. See Tex.R. Civ. P.
166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). We overrule
appellant's issues and affirm the judgment of the trial court.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on May 28, 2009

Opinion Delivered November 12, 2009 


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Although Angela (Angie) and Kevin Walker both signed the attorney-client
agreement, Kevin Walker alone sued appellees.
2. In this opinion, we refer to Walker's suit against various coin companies and
individuals as the "coin company" lawsuit.
3. The violation of a rule of professional conduct "does not give rise to a private cause
of action nor does it create any presumption that a legal duty to a client has been breached." 
Tex. Disciplinary R. Prof'l Conduct, Preamble: Scope no. 15, reprinted in Tex. Gov't
Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9); see 
Cuyler v. Minns, 60 S.W.3d 209, 214 (Tex. App.--Houston [14th Dist.] 2001, pet. denied).