**Reversed and Remanded and Opinion and Concurring Opinion filed December 13, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00039-CV

### MELANIE DORSETT, AS EXECUTRIX OF MELANIE FOSTER'S ESTATE, Appellant

### V.

### HISPANIC HOUSING AND EDUCATION CORPORATION, Appellee

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-31769**

## CONCURRING OPINION

Appellant/plaintiff Melanie Dorsett, as executrix of Melanie Foster's Estate, pleaded a single claim to recover on a promissory note against appellee/defendant Hispanic Housing and Education Corporation (the "Corporation"). In its no-evidence motion for summary judgment the Corporation did not assert that there was no evidence of one or more of the essential elements of Dorsett's promissory-note claim, as required by Texas Rule of Civil Procedure 166a(i). Therefore, the Corporation's motion was

insufficient as a matter of law, and the trial court erred in granting summary judgment. Though the majority reaches the right result in reversing the trial court's judgment, it does so after concluding that the summary-judgment evidence raised a fact issue as to two essential elements of Dorsett's promissory-note claim. This analysis is incorrect because the Corporation did not challenge these elements in its no-evidence motion, and even if the Corporation had done so, the summary judgment evidence does not raise a fact issue as to one of these essential elements of Dorsett's claim.

## DORSETT'S PROMISSORY-NOTE CLAIM

In her petition, Dorsett asserts a single claim against the Corporation—a promissory-note claim. As noted by the majority, to recover on this claim, Dorsett must prove (1) there is a note, (2) Dorsett is the legal owner and holder of the note, (3) the Corporation is the maker of the note, and (4) a "certain balance" is due and owing on the note. *See McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 324 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ). An "essential element" of a claim is an element that, under the law, the claimant must prove before the claimant can recover on the claim in question. *See Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 434 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Therefore, these four elements are the essential elements of Dorsett's promissory-note claim. *See McLernon*, 347 S.W.3d at 324; *Lampasas*, 988 S.W.2d at 434; *Blankenship*, 899 S.W.2d at 238.

## THE CORPORATION'S SUMMARY-JUDGMENT MOTION

The Corporation attached no evidence to its summary-judgment motion, and the Corporation did not assert any traditional summary-judgment grounds. The Corporation asserted only no-evidence grounds. In its motion, however, the Corporation did not mention the essential elements of Dorsett's promissory-note claim. Instead, the Corporation asserted that Dorsett's claim was for breach of contract. The Corporation then listed the alleged essential elements of a breach-of-contract claim, none of which are the same as the essential elements of a promissory-note claim. In the course of

2

challenging three of the four essential elements of a breach-of-contract claim that it had listed, the Corporation asserted that Dorsett had no evidence that (1) the Corporation had a duty to pay the promissory note in question, (2) the Corporation had a duty to pay late fees and accrued interest under the note, (3) the Corporation defaulted in paying the note, (4) the Corporation breached the contract, (5) the Corporation failed to pay the note, or (6) the Corporation's alleged breach of contract caused Dorsett "injury."

## THE LEGAL INSUFFICIENCY OF THE CORPORATION'S MOTION

For the Corporation's no-evidence motion for summary judgment to be deemed legally sufficient, the Corporation must have stated in the motion that there was no evidence of one or more essential elements of Dorsett's promissory-note claim. *See* Tex. R. Civ. P. 166a(i); *Cuyler v. Minns*, 60 S.W.3d 209, 212 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 829 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The Corporation was not entitled to summary judgment as to a claim Dorsett did not assert. *See Miller v. Schwartz*, No. 14-04-00352-CV, 2005 WL 757249, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2005, no pet.) (mem. op.). Even though a promissory note is considered a species of contract, Texas courts have specified different essential elements for a claim on a promissory note than for a claim for breach of other types of contracts. *Compare McLernon*, 347 S.W.3d at 324, *with Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). To have been entitled to a no-evidence summary judgment as to Dorsett's promissory-note claim, the Corporation would have had to state in its motion that there was no evidence of one or more essential elements of this claim. *See* Tex. R. Civ. P. 166a(i); *Cuyler*, 60 S.W.3d at 212; *Weaver*, 4 S.W.3d at 829 n.2. Because the Corporation did not do so, the Corporation's motion is insufficient as a matter of law. *See* Tex. R. Civ. P. 166a(i); *Miller*, 2005 WL 757249, at *2 (holding trial court erred in granting no-evidence summary judgment challenging element that was not an essential element of the plaintiff's claim); *Cuyler*, 60 S.W.3d at 212; *Weaver*, 4 S.W.3d at 829 n.2. Even if Dorsett failed to specially except or otherwise point out this deficiency in the trial

3

court, she may do so for the first time on appeal. *See Cuyler*, 60 S.W.3d at 212–13. In this court, Dorsett asserts that (1) a summary judgment motion must stand or fall on the grounds presented in the motion; and (2) to be entitled to a no-evidence summary judgment, the Corporation was required to have given Dorsett notice of the elements of her claim as to which the Corporation asserted there was no evidence and that the Corporation failed to do so. After correctly reciting the essential elements of her promissory-note claim, Dorsett argues that the Corporation "did not set forth the elements noted above in its No Evidence Motion for Summary Judgment." This court should hold that the trial court erred in granting summary judgment because the Corporation's motion is insufficient as a matter of law.

## THE MAJORITY'S ANALYSIS

The majority recites the essential elements of Dorsett's promissory-note claim and then lists the elements attacked in the Corporation's motion, none of which are the same as the essential elements of Dorsett's promissory-note claim. The majority does not find the Corporation's motion to be insufficient as a matter of law, apparently because Dorsett did not specially except. *See ante* at p. 6. But special exceptions are not required. *See Cuyler*, 60 S.W.3d at 212–13. The majority then appears to conclude that the grounds stated in the Corporation's motion are effectively equivalent to assertions that (1) there is no evidence the Corporation is the maker of the note, and (2) there is no evidence of a "certain balance" that is due and owing on the note. *See ante* at pp. 6–9. A review of the grounds specified in the Corporation's motion shows that these grounds are not equivalent to a challenge to these two essential elements of Dorsett's claim. If these grounds were expressly asserted in the Corporation's motion, this court would have to affirm the trial court's judgment because there is no summary-judgment evidence of a "certain balance" due and owing on the note. *See McLernon*, 347 S.W.3d at 324–25. That is one of the differences between the essential elements of the two claims. In a promissory-note claim, the claimant must present proof of an amount that she claims is due and owing on the note. *See id*. The fact that Dorsett did not provide such evidence

4

in the trial court is not surprising because the Corporation did not assert that there was no evidence of this essential element and thereby put Dorsett on notice that she had to present such evidence to avoid summary judgment.

This court should hold that the trial court erred in granting summary judgment because the Corporation's motion is insufficient as a matter of law. Because the court fails to do so, I respectfully decline to join the majority's analysis, but I concur in the court's judgment reversing and remanding the case to the trial court.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison. (Christopher, J., majority).

5