**Affirmed and Memorandum Opinion filed May 29, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-13-00493-CV

**MARLENE OCTAVIA KNIGHT, Appellant**

**V.**

**WE CARE KIDS CARE, PLLC AND LISA H. CATNEY, INDIVIDUALLY AND AS OWNER OF WE CARE KIDS CARE, PLLC, Appellees**

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-39498**

## M E M O R A N D U M   O P I N I O N

Appellant Marlene Octavia Knight complains of the trial court's grant of partial summary judgment as to one allegation underlying Knight's slander per se claim brought against appellees We Care Kids Care, PLLC and Lisa H. Catney. We affirm.

## *Background*

Knight was employed as a nurse for We Care Kids Care, an agency owned by Catney that provides in-home nursing services to disabled children. Knight was suspended from her position after being accused by a foster mother of making inappropriate comments to one of her foster children.[1] Catney was subsequently contacted for a reference by a potential employer for Knight. Catney informed the potential employer of "the reasons that [Knight] was on suspension," specifically "that there were some allegations of inappropriate behavior in a home" that "involved . . . encouraging a child to do a strip tease."

Knight subsequently filed suit against appellees, bringing a claim for slander per se. In her original petition, Knight alleged the following, in relevant part:

### FACTS

8. On or about March 6, 2009, . . . Catney . . . wrote up a disciplinary charge against [Knight] for allegedly causing a mentally challenged child to undress and/or undressing a mentally challenged child and forcing the naked child to dance in front of her. . . .

However, [appellees] have, with intent, and actual malice, published or republished statements that [Knight] was terminated from her former employer for sexually assaulting and/or raping a male handicapped person.

. . . .

### PLAINTIFF'S CLAIM FOR SLANDER PER SE

10. Over the past two years [appellees] have orally published or

---

[1] The foster mother provided an affidavit attesting that Knight provided nursing services to one of the foster children. The foster mother purportedly overheard Knight one evening talking to one of the foster children, who occasionally would remove her diaper when it was soiled. Knight allegedly yelled at the child as the child was removing her diaper to "go ahead and strip like a stripper" and made other "lewd comments about stripping and removing clothing."

republished unambiguous defamatory statements of fact which referred to [Knight], a private individual, to third parties. Those statements were defamatory and unambiguous accusing [Knight] of sexual assault and/or rape of a handicapped individual. . . .

Appellees moved for no-evidence summary judgment on the basis that Knight lacked evidence to support several elements of her slander per se claim, including that appellees published a statement of fact about Knight that was defamatory or false. Knight responded with the following evidence:

(1)     Catney's deposition testimony in which Catney admitted making a statement to Knight's potential employer regarding Knight's alleged "inappropriate behavior" of "encouraging a child to do a strip tease";

(2)     Catney's affidavit stating, in relevant part, that Knight "talked to [a] child that is Autistic and mentally challenged . . . telling her to take off her clothes and do a pole dance. She was immediately dismissed from that home and not scheduled anywhere else at that time"; and

(3)     An affidavit from a certified nurse assistant, attesting that she was in the home when the alleged incident occurred and was "working close enough to [Knight to] hear her talking." The nurse assistant attested that Knight did not make "any inappropriate statement" and did not "[ask] a child in the . . . home to undress and dance." Instead, the nurse assistant stated that Knight commented that the child was "taking off her clothes when she wet them. I thus understood Ms. Knight to mean that this child required my attention because she had wet herself."

In reply, appellees argued, among other things, that the proffered evidence did not establish Knight's claim that Catney had published a defamatory statement accusing Knight of "sexual assault and/or rape or that she published any such accusation to a third party." The trial court granted the motion for summary judgment in part and denied it in part, in the following words: "The motion is granted with regard to statement in [paragraph] 10 of Plaintiff's Original Petition. The motion is denied with regard to statement in [paragraph] 8 of Plaintiff's

3

Original Petition."

Appellees subsequently filed a traditional motion for summary judgment as to paragraph eight of the original petition on the grounds that Knight's "remaining claims" were barred by limitations and that the statements underlying the claims were true. The trial court granted the motion and signed a final judgment dismissing the claim with prejudice. On appeal, Knight challenges only the trial court's partial grant of appellees' no-evidence motion for summary judgment.

### *Analysis*

In her sole issue, Knight complains of the trial court's summary judgment on the grounds that appellees failed to specify which claim they challenged in their motion for summary judgment and Knight presented more than a scintilla of evidence on each challenged element of her slander per se claim. We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing either a no-evidence or a traditional summary judgment motion, all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 858 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Drake Interiors, L.L.C. v. Thomas*, 14-13-00349-CV, 2014 WL 1328011, at *4 (Tex. App.—Houston [14th Dist.] Apr. 3, 2014, no. pet. h.). We will sustain a no-evidence motion for summary judgment when

4

(1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id*. (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)). The evidence is insufficient if it is so weak as to do no more than create a mere surmise or suspicion that the challenged fact exists. *Id*.

**Motion Not Conclusory**. Knight first complains that appellees' no-evidence motion for summary judgment was conclusory because it failed to specify which of Knight's claims for slander per se it challenged and thus "failed to afford Knight with fair notice."[2] While a no-evidence motion for summary judgment need not be detailed, it must specify which element or elements do not have evidentiary support. Tex. R. Civ. P. 166a(i); *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 200 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The motion cannot be conclusory or generally allege there is no sufficient evidence to support the plaintiff's claim. Tex. R. Civ. P. 166a(i) (cmt. 1997); *Dworschak*, 352 S.W.3d at 200. The underlying purpose of the requirement that the motion be specific, not conclusory, is to provide the nonmovant "with adequate information for opposing the motion, and to define the issues." *Timpte Indus.*, 286 S.W.3d at 311. We apply a "fair notice" standard to determine whether a no-evidence motion for summary judgment gives fair notice of the challenged claim. *Id*. The degree of specificity required for fair notice depends on the case. *See id*. In a complex case with complicated issues, more specificity may be

---

[2] Appellees argue that Knight has waived this argument by making it for the first time on appeal. But a challenge to the conclusory nature of a no-evidence motion for summary judgment may be raised for the first time on appeal. *Cuyler v. Minns*, 60 S.W.3d 209, 213-14 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

5

required than in a relatively straightforward case involving few claims. *See id*.

Knight's petition included one claim section entitled "Plaintiff's Claim for Slander Per Se." Accordingly, as indicated in the plain language of the petition, Knight asserted only one cause of action. The trial court apparently determined, however, that it was based on two allegations of appellees' publishing allegedly false statements—that Knight "encourage[ed] a child to do a strip tease" and that Knight engaged in "sexual assault and/or rape of a handicapped individual."

Here, appellees' motion, although not a model of craftsmanship, specifies the elements of slander per se for which appellees argued Knight lacked evidence:

> [Knight] has no evidence . . . that [appellees] published a statement of fact about [Knight] that was defamatory or false. Further, even if some statement does exist[,] then [Knight] has no evidence that . . . [appellees] are liable without regard to fault. [Knight] has no evidence that any alleged defamatory statement made by [appellees] has caused [Knight any] damages.[3]

We conclude appellees' motion was sufficient to give Knight fair notice that appellees challenged all theories of slander per se alleged by Knight, particularly given that Knight's petition listed only one claim and the motion specifically challenged elements of that claim. *See id*. (holding no-evidence motion for summary judgment "setting forth the elements of a design defect claim" and stating "[p]laintiff has presented no evidence of a design defect which was a producing cause of his personal injury" and "[t]here is no evidence of the product

---

[3] Appellees also alleged Knight had no evidence that the statements were made with actual malice or negligent or that an alleged defamatory statement caused Knight any damages. But to prove slander per se, Knight was required to show only that appellees published a statement of fact referring to Knight that was false and defamatory per se, because defendants are strictly liable for defamation per se when the speech is not public. *See Hancock v. Variyam*, 400 S.W.3d 59, 63-66 (Tex. 2013). Defamation per se involves statements that are so obviously hurtful to a plaintiff's reputation that the jury may presume general damages. *Id*. at 63-64. A statement that injures a person in her office, profession, or occupation is typically classified as defamatory per se. *Id*.

being defective or unreasonably dangerous, and there is no evidence the [product] was the proximate or producing cause of the Plaintiff's injuries" was sufficient given the "simple and straightforward" nature of the case).

**No Evidence of Statement Regarding Sexual Assault or Rape**.  Knight also asserts that the trial court should have denied the no-evidence motion because Knight presented evidence that appellees published "a false statement that injured Knight's occupation."  As set forth above, the trial court granted the motion as to paragraph ten, in which Knight alleged that appellees published a statement "accusing [Knight] of sexual assault and/or rape of a handicapped individual." Knight presented evidence only that Catney told a third-party potential employer that Knight "encourage[ed] a child to do a strip tease."  That is not evidence that Catney said Knight engaged in sexual assault or rape of a handicapped individual.[4] The trial court did not grant no-evidence summary judgment as to Knight's slander per se claim in its entirety—it granted judgment only as to the theory of slander per se involving the purported statement about "sexual assault and/or rape."[5]

We conclude Knight did not establish that appellees published a statement accusing her of sexual assault or rape.  Accordingly, the trial court did not err in granting summary judgment in favor of appellees as to this theory of slander per se asserted by Knight.

[4] The Penal Code does not include an offense for "rape," but includes an offense for sexual assault that is perpetrated by any one of a number of actions all involving physical contact between the perpetrator and victim of the crime.  *See* Tex. Penal Code § 22.011.  The allegation about Knight encouraging a child to dance in a provocative manner does not meet the definition of sexual assault in the Penal Code.

[5] We note the trial court denied the motion "with regard to statement in [paragraph] 8 of Plaintiff's Original Petition" and paragraph eight also included an allegation that appellees published statements that Knight sexually assaulted or raped "a male handicapped person." Knight has not challenged the trial court's subsequent grant of appellees' traditional motion for summary judgment as to Knight's claims that remained after the trial court had granted no-evidence summary judgment.

7

We overrule Knight's sole issue.

The judgment of the trial court is affirmed.

/s/    Martha Hill Jamison
        Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.