Ofelia M. MINOR, et al., Appellants,

v.

Christine ADAMS, et al., Appellees.

No. B14–84–883CV.

Court of Appeals of Texas,
Houston (14 Dist.).

May 16, 1985.
Rehearing Denied June 27, 1985.

Manuel Munoz, Walsh & Munoz, Houston, for appellants.

Jonathan H. Lamb, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

The judge of Harris County Civil Court at Law No. 4 found that landlords Ofelia M. Minor and Albert Dworkin acted in bad faith in failing to return a $350 security deposit to tenants Christine Adams and Thomas Molano. The court awarded the tenants the statutory penalties of $100 plus $1050 (three times the security deposit) and $750 in attorney's fees. The landlords present six points of error on appeal. We reverse and render judgment in favor of the tenants for $350 plus interest.

The landlords and tenants in this case executed a standard form rental agreement with a separate, typewritten addendum covering the security deposit attached as the final page of the lease. The relevant portions of the addendum read as follows:

This SECURITY DEPOSIT AGREEMENT governs the refund of the security deposit received under the provisions of the above stated lease agreement.

1. WRITTEN NOTICE of intent to move-out must be provided to owner's representative at least 30 days prior to the ending date of the lease term, renewal period, or extension period. Verbal notice is insufficient.
2. Resident is obligated to live in the apartment for the FULL LEASE TERM and any renewal or extension period. Early move-out is prohibited.
3. If deductions for damages exceed total amount of security deposit, resident shall pay such excess amount upon demand by owner.

Failure to comply with these above provisions of the security deposit agreement will result in forfeiture of the security deposit amount.

The term of this lease was June 7, 1982, through December 7, 1982. Prior to the expiration date, the landlords submitted a new lease to the tenants with a proposed $50 per month increase in rent. In a handwritten note to the landlords, the tenants rejected this proposal and asked for a month-to-month tenancy after December 7th. One of the landlords, Mr. Dworkin, testified that he subsequently spoke to one of the tenants, Mr. Molano, who purportedly confirmed at that time that he and his wife were planning to move at the end of the term but would like a month-to-month tenancy after the lease expired to give them an opportunity to find a new residence. The tenants then moved out *prior* to the expiration date and returned the keys on December 7th, the last day of the lease. It is undisputed that the tenants failed to give 30 days' written notice of their intention to move, although the record indicates that they were aware of this requirement in the lease.

Texas Revised Civil Statutes art. 5236e [1] on security deposits, in effect at the time the parties executed the lease, was repealed effective January 1, 1984, and replaced by Property Code Subchapter C, TEX.PROP.CODE ANN. §§ 92.101–92.109 (Vernon 1984). Section 92.101 states that this subchapter of the Property Code ap-

---

1. Landlord and Tenant-Security Deposit-Mini- mum Age, ch. 433, 1973 Tex.Gen.Laws 1182.

plies to all leases executed or entered into after September 1, 1973; therefore, we will analyze the issues in this case according to this legislation. We note that the portions of Subchapter C relevant to this case remain basically the same as those of art. 5236e.

Section 92.102 of the Property Code defines "security deposit" as "any advance of money, other than an advance payment of rent, that is intended primarily to secure performance under a lease of a dwelling." Other relevant sections are as follows:

§ 92.103. Obligation to Refund

(a) Except as provided by Section 92.-107, the landlord shall refund a security deposit to the tenant on or before the 30th day after the date the tenant surrenders the premises.

(b) A requirement that a tenant give advance notice of surrender as a condition for refunding the security deposit is effective only if the requirement is underlined or is printed in conspicuous bold print in the lease.

(c) The tenant's claim to the security deposit takes priority over the claim of any creditor of the landlord except a trustee in bankruptcy.

§ 92.107. Tenant's Forwarding Address

(a) The landlord is not obligated to return a tenant's security deposit or give the tenant a written description of damages and charges until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit.

(b) The tenant does not forfeit the right to a refund of the security deposit or the right to receive a description of damages and charges merely for failing to give a forwarding address to the landlord.

In the instant case the trial court filed findings of fact and conclusions of law. Finding of fact # 5 states that the requirement of advance notice in the parties' rental agreement is not underlined or printed in conspicuous bold print, as required by § 92.103(b). In point of error one, the landlords claim this finding is erroneous. We disagree.

■ The lease's requirement of advance written notice, as printed in the excerpt above, is clearly not underlined. Therefore, we must determine whether it is in "conspicuous bold print." The statute defines neither "conspicuous" nor "bold." The landlords claim that since this advance notice provision appears immediately above the parties' signatures, it must be considered conspicuous. While we might agree with this assertion, the statute indicates that this requirement must be conspicuous *and* in bold print. We find that the provision in question fails to meet this standard.

■ Subchapter C of the Property Code provides for an award of attorney's fees in § 92.109(a), and as such, it is penal in nature. Because this statute is in derogation of the common law, it is subject to strict construction. *See Knebel v. Capital National Bank in Austin*, 518 S.W.2d 795, 804 (Tex.1974); *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex.1962); *Michaux v. Koebig*, 555 S.W.2d 171, 175 (Tex. Civ.App.—Austin 1977, no writ). In reviewing the parties' lease for strict compliance with this legislation, we find that only two key words of the notice requirement are typed in all capital letters. An argument could be made that a word typed in all capital letters is not necessarily in *bold* print. However, even if we considered the two capitalized key words to be in bold print, strict construction of the statute requires that the *entire provision* be underlined or in conspicuous bold print, not merely the title of the provision or a few key words. Accordingly, we hold that the trial court's finding of fact # 5 is not erroneous; the advance notice provision in the lease is statutorily deficient. Furthermore, since Subchapter C on security deposits must be strictly construed, this deficiency is not excused by a tenant's subjective awareness of an advance notice provision in the lease. Therefore, we overrule point of error one.

In point of error two, the landlords claim that finding of fact # 6 is also erroneous.

In this finding the court states that at the time the tenants surrendered the premises, there were no rents due and unpaid. The landlords contend that while no rents were due under the written lease, the tenants had orally agreed to a month-to-month tenancy after the lease expired. The landlords contend that the tenants owe one month's rent based on this oral agreement, but no more than one month's rent since a month-to-month tenancy expires every 30 days. *See Bachrach v. Estefan*, 184 S.W.2d 640, 641 (Tex.Civ.App.—San Antonio 1945, no writ).

■ In resolving this issue, we note that the landlords answered "true" to the tenants' Request for Admission # 7 which states "At the time the [tenants] surrendered the premises ... to the [landlords], there were no rents due and unpaid." Rule 169 of the Texas Rules of Civil Procedure states in pertinent part, "Any matter admitted under this rule is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission."[2] The record reflects no withdrawal or amendment. The admission states that *no* rents are due and unpaid, not merely that no rents are due and unpaid *under the written lease*. We hold that this admission conclusively establishes against the landlords that *no further rents of any kind* are due and unpaid. Therefore, point of error two is overruled.

The landlords in point of error three contend the trial court erred in finding of fact # 8 wherein it states that the tenants furnished the landlords with a forwarding address on or about November 20, 1982. We agree with the landlords that this finding is erroneous, because tenant Christine Adams testified that she gave the landlords a forwarding address on January 7, 1983. However, this error is harmless in the total context of this case and does not in and of itself require reversal.

■ Section 92.103 states that except as provided by § 92.107, the landlord has 30 days after the tenants surrender the property to refund the deposit. Section 92.107 states that the landlord is not obligated to refund the deposit until the tenant provides a forwarding address. Although the Property Code is not perfectly clear on this matter, we construe these sections together to mean that the landlord has no more than 30 days after receiving the forwarding address to refund the deposit. In the instant case, if Ms. Adams gave the landlords a forwarding address on January 7th, the landlords had until February 6th to refund the deposit. If a landlord delays the refund until after 30 days have elapsed, a tenant could bring suit for the landlord's noncompliance with this time limit. However, in a case such as this where a deposit was not merely *delayed* until some time after the 30-day limit, but in fact was *never* refunded, the date on which the tenants furnished the address is irrelevant. We hold that the trial court's erroneous finding is harmless and overrule the third point of error.

■ In points four, five, and six, the landlords complain that the court erred in finding that they withheld the security deposit in bad faith and in awarding the tenants treble damages and attorney's fees. The test of bad faith is whether a person acted in dishonest disregard of the rights of the person concerned. *Citizens Bridge Co. v. Guerra*, 152 Tex. 361, 258 S.W.2d 64, 69–70 (1953). From the record, it appears that the trial judge based his conclusion of bad faith at least partly upon a misconception of the purpose of a security deposit. He apparently thought that a security deposit was to be used solely to compensate a landlord for any damage to the leased premises. Since the landlords admitted there was no damage other than normal wear and tear, the court then decided the landlords withheld the security deposit in bad faith.

**2.** Rule 169 was amended effective April 1, 1984, but the language relevant to this issue remained unchanged.

As discussed in point of error one, the purpose of a security deposit is to ensure a tenant's performance under a rental agreement. Thus, a landlord could properly withhold a security deposit if a tenant fails to comply with an advance notice provision that meets the requirements of Property Code § 92.103(b). We find the landlords in this case did not act in bad faith. The lease contained an advance notice provision, even though technically the provision did not meet the statutory requirements of being underlined or in conspicuous bold print. The tenants failed to comply with this provision despite the fact that they admittedly were aware of it and understood its meaning. Consequently, the landlords apparently felt they rightfully retained the security deposit. This behavior does not constitute a "dishonest disregard" of the tenants' rights. *See Wilson v. O'Connor*, 555 S.W.2d 776, 780 (Tex.Civ. App.—Dallas 1977, writ dism'd).

Property Code § 92.109(d) creates a presumption of bad faith if a landlord fails to return a security deposit within the 30-day time limit. However, even though the landlords in the instant case have *never* refunded the deposit, we find in the record evidence of a legitimate legal dispute sufficient to rebut the § 92.109(d) presumption. Since we find the landlords did not act in bad faith, we sustain points of error four, five, and six, and thus reverse the judgment of $100 plus $1050 in treble damages and $750 in attorney's fees awarded the tenants. Since the advance notice provision did not strictly comply with the requirements of § 92.103(b), however, we render judgment in favor of the tenants in the amount of $350 with interest computed from February 6, 1983.

Reversed and rendered.