

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00467-CV

_____

DALIA LOPEZ, Appellant

V.

CAMRON R. LAROCHELLE AND CASEY BUTLER, Appellees

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2023-02962

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Dalia Lopez leased a residence in Little Elm to Appellees Camron R. Larochelle and Casey Butler. After a dispute arose between the parties concerning whether Larochelle and Butler had moved out of the residence during the term of the lease and whether they were entitled to the return of their security deposit, Larochelle and Butler sued Lopez for violating Section 92.109 of the Texas Property Code, and Lopez filed a counterclaim for breach of contract. *See* Tex. Prop. Code Ann. § 92.109. Larochelle and Butler later moved for a traditional summary judgment based on their affirmative claim and a no-evidence motion for summary judgment based on Lopez's counterclaim. The trial court ultimately granted Larochelle and Butler's traditional and no-evidence motions for summary judgment; awarded them $5,200 in damages, $350 in costs, and $12,462.50 in attorney's fees; and entered a take-nothing judgment on Lopez's counterclaim.

In three issues on appeal, Lopez argues that the trial court erred by (1) granting Larochelle and Butler's no-evidence motion for summary judgment, (2) granting Larochelle and Butler's traditional motion for summary judgment, and (3) awarding attorney's fees to Larochelle and Butler. We will affirm the trial court's grant of the no-evidence motion for summary judgment with respect to two aspects of Lopez's breach-of-contract counterclaim—her claim that Larochelle and Butler breached the lease by failing to report health and safety issues to her and her claim that they

2

breached the lease by moving without giving her written notice—but we will reverse the trial court's grant of the no-evidence motion with respect to the third aspect of Lopez's breach-of-contract counterclaim—her claim that they breached the lease by failing to pay rent. We will also reverse the trial court's grant of Larochelle and Butler's traditional motion for summary judgment and its award of attorney's fees. Accordingly, we will affirm in part and reverse and remand in part.

## II. BACKGROUND

### A. Factual Background

In December 2021, Larochelle, Butler, and Lopez signed a residential lease agreement (the Lease). Under the terms of the Lease, Larochelle and Butler agreed to lease a residence from Lopez in Little Elm (the Property). The term of the Lease began on January 1, 2022, and ended on December 31, 2023. The monthly rent required by the Lease was $1,750. The Lease provided that if Larochelle and Butler vacated the Property before the term of the Lease ended, they would be liable for the balance of the rent for the remainder of the Lease's term. It also provided that Larochelle and Butler were to notify Lopez in advance if they were to be away from the Property for fifteen or more consecutive days. Pursuant to Clause 11 of the Lease, Larochelle and Butler agreed to notify Lopez of any defects or dangerous conditions in and about the Property of which they became aware.

The Lease also contained the following provision relating to a security deposit:

By signing this Agreement, Tenant will pay to Landlord the sum of $1,750.00 as a security deposit.[1] Tenant may not, without Landlord's written consent, apply this security deposit to the last month's rent or to any other sum due under this Agreement. Only 50% of deposit is reimbursable. Within 6 weeks after Tenant has vacated the premises, returned keys, and provided Landlord with a forwarding address, Landlord will give Tenant an itemized written statement of the reason for, and the dollar amount of any of the security deposit retained by Landlord along with a check for any deposit balance. Other 50% is retained by owner to de[e]p clean, repaint[,] and for other necessary repairs to make house ready for the next tenant. Note: to make sure you will receive the 50% of your deposit back, premises should be delivered to landlord in good shape, tenant should remove any unwanted items and furniture, remove all trash[,] and leave the premises . . . clean.

On June 29, 2023, Lopez and Larochelle exchanged a series of text messages over a six-minute span. It began with Lopez sending a text message to Larochelle stating, "I stop[ped] by the house today to check the septic tank[,] and [it] looks like you guys move[d] out! Please confirm." Larochelle responded, "We still have personal property in the house." Lopez replied, "[C]all me." Larochelle responded, "Busy." Lopez messaged, "[Y]ou are moving[?] [C]onfirm date and time." Larochelle answered, "I am supposed to deal with Mrs. Fincher[2] now. We are not moved out[;] nothing has changed at this point." Lopez replied, "[I] will take

---

[1]In affidavits attached to their amended motions for summary judgment, Larochelle and Butler stated, "[W]e paid a $1,750.00 security deposit at the initiation of [the Lease]."

[2]From what we can glean from the record, Alexandra Fincher was Lopez's agent who had dealings with the Property.

possession of the house on 7/01/2023[.] [Y]ou move[d] without notice[;] you [are] still liable for [the] remaining rent until [the Lease] expire[s]."

In their affidavits, Larochelle and Butler characterized this exchange as occurring in the midst of their "moving some of [their] possessions to a home [they] had just recently purchased, which was not yet ready for occupancy." They stated that Lopez "incorrectly believed that [they] were moving out early or had already vacated the premises[ ] and subsequently terminated [their] rights to possession immediately." They also indicated that Lopez had locked them out of the Property without notice, which prevented them from cleaning the Property.

## B. Procedural Background

In August 2023, Larochelle and Butler filed a lawsuit against Lopez. They claimed that Lopez had violated Section 92.109 of the Texas Property Code by failing to return their security deposit.[3] Larochelle and Butler asked that they be awarded $5,250 in liquidated damages, $100 in economic damages, and their reasonable attorney's fees and costs.

Lopez answered the lawsuit and filed a breach-of-contract counterclaim. Her counterclaim alleged that Larochelle and Butler had breached the contract by:

---

[3]Larochelle and Butler's petition included a heading labeled "Breach of Contract." The substantive section following that heading, however, referred to Lopez's failure to return the security deposit and referenced a purported violation of Property Code Section 92.109. The parties' respective briefing treats Larochelle and Butler's claim as one based on a purported violation of Section 92.109, not as one based on a breach of contract, and we will treat it the same.

(1) failing to report health and safety issues to her as required by Clause 11 of the Lease, (2) moving without giving her written notice, and (3) failing to pay rent.

Larochelle and Butler filed a combined no-evidence motion for summary judgment and traditional motion for summary judgment. In that combined motion, Larochelle and Butler argued that (1) there was no evidence to support certain affirmative defenses raised by Lopez, (2) there was no evidence supporting Lopez's counterclaim, (3) Lopez had no evidence to rebut their claims, (4) they were entitled to three times their security deposit, and (5) they were entitled to their attorney's fees.

Lopez responded to the motions pro se. Attached as exhibits to Lopez's response were her counterclaim; certain pictures of the Property; affidavits from Lopez and others; a copy of an August 11, 2023 letter she sent to Larochelle and Butler containing an itemized list of deductions pertaining to their security deposit; a copy of a warranty deed relating to other real property purchased by Larochelle in Denton County; and a spreadsheet purporting to reflect certain expenses "incurred by [Lopez] to remove junk from abandoned house."

Larochelle and Butler later amended their combined no-evidence and traditional motion for summary judgment. In their amended combined motion, Larochelle and Butler advanced the same arguments contained in their original combined motion—that (1) there was no evidence to support certain affirmative defenses raised by Lopez, (2) there was no evidence supporting Lopez's counterclaim, (3) Lopez had no evidence to rebut their claims, (4) they were entitled to three times

their security deposit, and (5) they were entitled to their attorney's fees. Larochelle and Butler's amended motion was set for hearing on June 27, 2024.

On June 25, 2024—two days before the hearing on the amended motion—Lopez filed her amended pro se response. Larochelle and Butler later moved to strike Lopez's amended response because it was untimely. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). The trial court granted Larochelle and Butler's motion to strike, and it struck Lopez's amended response.

Meanwhile, Larochelle and Butler filed certain objections to the summary-judgment evidence that was attached to Lopez's original response. More specifically, they objected to certain portions of the affidavits attached to her response and to the pictures attached to her response. At the hearing on Larochelle and Butler's amended combined motion for summary judgment, their counsel raised the objections to Lopez's summary-judgment evidence, and the trial court stated that it was granting the objections.[4]

---

[4]No written order was signed by the trial court regarding Larochelle and Butler's objections. But the trial court's oral ruling at the hearing was sufficient. *See FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 (Tex. 2022) ("A trial court's on-the-record, unequivocal oral ruling on an objection to summary[-]judgment evidence qualifies as a ruling under Texas Rule of Appellate Procedure 33.1, regardless of whether it is reduced to writing.").

Following the hearing, the trial court signed an order granting Larochelle and Butler's no-evidence motion for summary judgment and ordering that Lopez take nothing from them on her counterclaim. The trial court also signed an order granting Larochelle and Butler's traditional motion for summary judgment. In that order, the trial court awarded Larochelle and Butler $5,200 in "actual damages," $350 in costs, and $5,902 in attorney's fees.

Lopez filed a motion for reconsideration, arguing, among other things, that the trial court had erred by granting Larochelle and Butler's no-evidence motion for summary judgment, had erred by granting Larochelle and Butler's traditional motion for summary judgment, and had erred by awarding $5,902 in attorney's fees.[5] Larochelle and Butler responded to the motion for reconsideration, and the trial court conducted a hearing regarding the motion. Following the hearing, the trial court signed an order in which it granted the motion with respect to the award of attorney's fees. In the order, the trial court vacated its previous award of attorney's fees. The trial court denied the motion for reconsideration in all other respects.

On September 10, 2024, Larochelle and Butler filed a motion for summary judgment on their attorney's fees. On September 16, 2024, the trial court signed an order granting Larochelle and Butler's motion for summary judgment on their

---

[5]Lopez had obtained counsel when she moved for reconsideration; the motion was drafted and filed by her counsel.

8

attorney's fees.[6]  That order, however, had a blank space for the amount of the fees awarded by the trial court.  On September 30, 2024, the trial court signed a nunc pro tunc order that awarded Larochelle and Butler attorney's fees of $12,462.50 plus conditional appellate attorney's fees.  This appeal followed.

## III.  DISCUSSION

### A.  Lopez's Complaint Regarding the Trial Court's Grant of the Traditional Motion for Summary Judgment

In her second issue, Lopez argues that the trial court erred by granting Larochelle and Butler's traditional motion for summary judgment.[7]

#### 1.  Standard of Review

We review a summary judgment de novo.  *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985).  A plaintiff is entitled to summary

---

[6]No hearing was conducted on Larochelle and Butler's motion for summary judgment on their attorney's fees.

[7]In her opening appellate brief, Lopez repeatedly references the "no-evidence summary judgment" when discussing her second issue, although it appears from the context of her argument that she means to discuss the traditional motion for summary judgment.  In her reply brief, Lopez clarifies that her second issue concerns the traditional motion for summary judgment, noting that she "unintentionally substituted 'no-evidence' for 'traditional'" in this part of her opening brief.

judgment on a cause of action if he or she conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *Compass Bank v. Durant*, 516 S.W.3d 557, 565 (Tex. App.—Fort Worth 2017, pet. denied).

When reviewing a traditional motion for summary judgment, we consider the evidence presented in the light most favorable to the nonmovant—here, Lopez. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

### 2. Applicable Law

Chapter 92 of the Texas Property Code, Subchapter C, governs the rights of landlords and tenants concerning security deposits applicable to residential leases. *See* Tex. Prop. Code Ann. §§ 92.101–.111; *see also Robinson v. Bontha*, No. 01-19-00777-CV, 2020 WL 7349508, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, no pet.) (mem. op.) (discussing provisions in Chapter 92, Subchapter C, of the Texas Property Code). Within that subchapter, under Section 92.103(a), a landlord "shall refund a security deposit to the tenant on or before the 30th day after the date the tenant surrenders the premises" except as provided by Section 92.107. Tex. Prop. Code Ann. § 92.103(a). Notably, Section 92.107(a) provides that a landlord "is not obligated to return a tenant's security deposit or give the tenant a written description

10

of damages and charges until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit." *Id.* § 92.107(a).

Under Section 92.104(a), before returning the security deposit, a landlord "may deduct from the deposit damages and charges for which the tenant is legally liable under the lease or as a result of breaching the lease." *Id.* § 92.104(a). If the landlord retains all or a part of a security deposit, the landlord "shall give to the tenant the balance of the security deposit, if any, together with a written description and itemized list of all deductions."[8] *Id.* § 92.104(c). Pursuant to Section 92.109(d), a landlord who "fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith." *Id.* § 92.109(d). And "[a] landlord who in bad faith retains a security deposit in violation of [Subchapter C] is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit." *Id.* § 92.109(a). Section 92.109 is "subject to strict construction." *Minor v. Adams*, 694 S.W.2d 148, 150 (Tex. App.—Houston [14th Dist.] 1985, no writ).

---

[8]The landlord is not required to give the tenant a description and itemized list of deductions if the tenant owes rent when he surrenders possession of the premises and there is no controversy concerning the amount of rent owed. *Id.* § 92.104(c)(1)–(2).

11

### 3. Analysis

Among other arguments, Lopez contends that the trial court erred by granting Larochelle and Butler's traditional motion for summary judgment because they did not conclusively establish that they gave her a written statement of their forwarding address as required by Section 92.107(a). *See* Tex. Prop. Code Ann. § 92.107(a). Larochelle and Butler respond by arguing that they did provide a written statement of their forwarding address, pointing to a text message attached to their amended motion for summary judgment.

In order to obtain traditional summary judgment on their claim that Lopez violated Section 92.109, Larochelle and Butler must have conclusively established that they provided Lopez with a written statement of their forwarding address.[9] *See id.* §§ 92.103(a), .107(a), .109; *see also Brand v. Degrate-Greer*, No. 02-15-00397-CV, 2017 WL 1756542, at *3 (Tex. App.—Fort Worth May 4, 2017, no pet.) (mem. op. on reh'g) (recognizing that, "[u]nder the [P]roperty [C]ode, a landlord 'shall refund a security deposit to the landlord on or before the 30th day after the date the tenant surrenders the premises,'" but only "provided that the tenant has given the landlord a written statement of their forwarding address for purposes of refunding the security

---

[9]In their brief, Larochelle and Butler acknowledge this requirement, stating that "[t]he only thing the tenant has to do to be entitled to the refund of his security deposit and itemized list of damages claimed is to give the landlord written notice of his forwarding address, an act which starts the 'clock' running on the landlord's obligation to refund the deposit."

deposit"); *Gluck v. Hadlock*, No. 02-09-00411-CV, 2011 WL 944439, at *3 (Tex. App.—Fort Worth Mar. 17, 2011, no pet.) (mem. op.) (stating that "[a] landlord is obligated to return a tenant's security deposit or provide a written description of damages and charges" but only "once the tenant provides the landlord with a written statement of the tenant's forwarding address").

The text message that Larochelle and Butler point to as evidence that they provided Lopez with a written statement of their forwarding address does not show what they claim it does. As a preliminary matter, the text message does not conclusively establish the sender of the message, nor does it conclusively establish the recipient of the message. The message provides that it was sent by "Me," and it states,

> I had the mailbox rekeyed because Dalia kept taking my mail and I was not getting parcels until weeks later, then would show up at my front door unsecured. It's best if the mailbox key is turned into the post office, but I have no problem giving them to you directly, as soon as I put a hold mail request in the post office.
>
> My email address is: [email address given]
>
> My forwarding address is:
> Camron Larochelle
> [Address given]

While it appears from the context of the message that it was written by Larochelle, there is no evidence—such as affidavit testimony—establishing that

13

Larochelle authored the message.[10]   More problematic, there is no evidence establishing that the text message was sent to Lopez.  Indeed, the context of the message seems to indicate that it was not sent to Lopez because it begins by stating, "I had the mailbox rekeyed because Dalia [i.e., Lopez's first name] kept taking my mail."

Further, it is unclear when the message was allegedly sent.  To that end, the message reflects a time and date of "10:10 PM, Jul 1," but it does not provide what year the message was allegedly sent.  The date the message was sent is important because—as acknowledged by Larochelle and Butler—providing the landlord with a written statement of the tenant's forwarding address "starts the 'clock' running on the landlord's obligation to refund the deposit."  *See* Tex. Prop. Code Ann. §§ 92.103(a), .107(a), .109; *Brand*, 2017 WL 1756542, at \*3; *Gluck*, 2011 WL 944439, at \*3.  Moreover, while the text message purports to show Larochelle's forwarding address, it does not purport to show Butler's forwarding address.  *See* Tex. Prop. Code Ann. § 92.107(a).

Viewing the evidence presented in the light most favorable to Lopez—the nonmovant—we hold that Larochelle and Butler did not conclusively establish that they provided Lopez with a written statement of their forwarding address, a necessary

---

[10]Larochelle filed an affidavit in which he attached "six (6) pages" kept by him "in the regular course of [his] business affairs and communications with [Lopez]." Those six pages included the Lease and the text messages exchanged with Lopez on June 29, 2024.  The claimed text message purporting to establish that he provided Lopez with written notice of his forwarding address was the seventh page after his affidavit.

element to their claim that Lopez violated Section 92.109.[11]   *See id.* §§ 92.103(a),

.107(a), .109; *Brand*, 2017 WL 1756542, at *3; *Gluck*, 2011 WL 944439, at *3;

*cf. Robinson*, 2020 WL 7349508, at *3 ("Because appellants presented evidence that

they vacated the property at the end of the [l]ease term . . . and provided written

notice of their forwarding address, appellants were entitled to the return of their

deposit and an itemized list of any deductions within 30 days."). We sustain Lopez's

second issue, and we reverse the trial court's grant of Larochelle and Butler's

traditional motion for summary judgment.[12]

## B.  Lopez's Complaint Regarding the Trial Court's Award of Attorney's Fees

In her third issue, Lopez argues that the trial court erred by awarding attorney's

fees to Larochelle and Butler. Because we are reversing the trial court's grant of

Larochelle and Butler's traditional motion for summary judgment, we also reverse the

trial court's award of attorney's fees based on that grant. *See MVP Fort Worth Taylor,*

*LLC v. Roy*, No. 02-23-00060-CV, 2024 WL 3529432, at *6 (Tex. App.—Fort Worth

---

[11]In affidavits attached to their amended summary-judgment motion, Larochelle and Butler stated that they "promptly provided our forwarding address to [Lopez] within the required thirty-day period." However, that statement does not conclusively establish that they provided Lopez with their forwarding address in writing, a requirement of Section 92.107. *See* Tex. Prop. Code Ann. § 92.107(a).

[12]Because we have determined that Larochelle and Butler did not conclusively establish that they gave Lopez a written statement of their forwarding address—an essential element of their Section 92.109 claim—we need not address Lopez's other arguments pertaining to the trial court's grant of their traditional motion for summary judgment. *See* Tex. R. App. P. 47.1.

15

July 25, 2024, no pet.) (mem. op.) (reversing trial court's grant of traditional summary judgment on appellee's breach-of-contract claim and reversing "the corresponding award of attorney's fees"); *Harley Rogers P'ship, Ltd. v. Quick Roofing, LLC*, No. 04-21-00030-CV, 2022 WL 2230954, at *5 (Tex. App.—San Antonio June 22, 2022, no pet.) (mem. op.) (similar).  We sustain Lopez's third issue.

## C. Lopez's Complaint Regarding the Trial Court's Grant of the No-Evidence Motion for Summary Judgment

In her first issue, Lopez argues that the trial court erred by granting Larochelle and Butler's no-evidence motion for summary judgment.

### 1. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the elements for which no evidence exists.  *Id.*  The Texas Supreme Court has called for strict enforcement of this requirement.  *See State v. Three Thousand, Seven Hundred Seventy-Four Dollars and Twenty-Eight Cents U.S. Currency*, 713 S.W.3d 381, 387 (Tex. 2025) (holding that the Texas Supreme Court requires "strict enforcement" of the rule that a no-evidence motion for summary judgment must specifically state the element or elements for which there is no evidence); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex.

16

2009) (holding that a no-evidence motion must specifically identify the challenged elements to satisfy Rule 166a(i)).

If the motion is sufficiently specific, the trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant—Lopez—indulging every reasonable inference and resolving any doubts against the motion, *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006), to determine if the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

## 2. Applicable Law

Here, Larochelle and Butler's no-evidence motion targeted Lopez's breach-of-contract counterclaim. The elements of a breach-of-contract claim are: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff. *Old Am. Ins. Co. v. Lincoln Factoring, LLC*, 571 S.W.3d 271, 282 (Tex. App.—Fort Worth 2018, no pet.).

## 3. Analysis

In her brief, Lopez argues that Larochelle and Butler's no-evidence motion "does not effectively challenge any element of [her] counterclaim for breach of contract." Larochelle and Butler respond by stating that their no-evidence motion "specifically assail[ed] two different elements" of the breach-of-contract counterclaim, referring to the elements of breach and damages.[13]

In their no-evidence motion for summary judgment, Larochelle and Butler made the following no-evidence statements concerning Lopez's counterclaim:

- "[L]andlord has also made claims of her own, starting with breach of contract. There is no evidence supporting any of them."

---

[13]As noted above, Lopez's counterclaim alleged that Larochelle and Butler had breached the contract in three distinct ways: (1) by failing to report health and safety issues to her as required by Clause 11 of the Lease, (2) by moving without giving her written notice, and (3) by failing to pay rent.

18

- "There is no evidence that landlord returned the security deposit or supplied a written description and itemization on or before that date."

- "[T]here is also no evidence that her withholding the security deposit was reasonable."

- "Landlord has no evidence that there were defects or dangerous conditions in and about the premises, and no evidence that Tenant becomes aware of any such condition."

- "[S]he has no evidence of any loss or damages flowing from a failure to notify her" of defects or dangerous conditions in or about the premises.

- "Landlord has no evidence that tenants had moved or were moving when she terminated their right to possession on June 29, 2023."

- "She also has no evidence of any loss or damage from the acts she alleges" pertaining to Larochelle and Butler's moving from the premises.

- "She has no evidence that she did not re-rent the premises for the rest of the lease term."

- "[S]he has no evidence that she did not re-let the premises."

- "[S]he has no evidence that she provided 'a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession.'"

- "There is no evidence that landlord meets any of the foregoing requirements [of Texas Property Code Section 92.006(e)] except (4)(A)."

As to the first of the no-evidence statements—that there was no evidence to support Lopez's counterclaim—such a statement is a general challenge that fails to

identify the specific elements for which no evidence exists, and it will not support summary judgment. *See Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied) ("A no-evidence motion that only generally challenges the sufficiency of the non-movant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law."); *see also Timpte Indus., Inc.*, 286 S.W.3d at 310–11.

The second and third no-evidence statements—that there was no evidence that Lopez returned the security deposit or that her withholding of the security deposit was reasonable—do not identify which element of Lopez's breach-of-contract counterclaim is being assailed. Thus, those statements will not support summary judgment either. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310–11; *Cuyler v. Minns*, 60 S.W.3d 209, 212 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("[T]he motion does not single out the elements as to which there is no evidence. The motion therefore does not meet the requirements of [Rule 166a(i)]."). And to the extent that those statements could arguably relate to Lopez's performance under the Lease, they are not couched in terms of Lopez's obligations under the Lease but rather in terms of Lopez's obligations under Section 92.109 of the Property Code—something unrelated to Lopez's breach-of-contract counterclaim. *See Three Thousand, Seven Hundred Seventy-Four Dollars and Twenty-Eight Cents U.S. Currency*, 713 S.W.3d at 387 (stating that the purpose of the requirement that a no-evidence motion

20

specifically state the element or elements for which there is no evidence is to provide the nonmovant with adequate information for opposing the motion and to define the issues for the purpose of summary judgment).

The fourth and fifth no-evidence statements—that Lopez had no evidence that Larochelle and Butler were aware of defects or dangerous conditions in and about the Property and no evidence that Lopez had sustained any damages regarding any failure to notify her of any defects or dangerous conditions—are different, though. Those statements do relate to one aspect of Lopez's breach-of-contract counterclaim: that Larochelle and Butler breached Clause 11 of the Lease by failing to report health and safety issues to her. We hold that the fourth and fifth no-evidence statements, which were made following a discussion of Clause 11 of the Lease, properly informed Lopez that Larochelle and Butler were challenging the breach and damages elements of that part of Lopez's breach-of-contract counterclaim. *See Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 (Tex. App.—Fort Worth 2008, no pet.) (holding that statement "there is no evidence that Fieldtech did not receive the Software it leased or that the Software did not perform" was "sufficiently specific to pass [R]ule 166a(i) muster").

Turning to those elements, in her brief, Lopez does not point us to any evidence in the summary-judgment record that would raise a fact issue on whether Larochelle and Butler had breached the Lease by failing to report health and safety issues to her or suffered damages as a result, and we have found no such evidence,

21

even when considering the exhibits attached to Lopez's original summary-judgment response.[14] Thus, we must affirm the trial court's summary-judgment ruling with respect to this aspect of Lopez's counterclaim. *See B.C.*, 598 S.W.3d at 259; *see also Gabriel v. Associated Credit Union of Tex.*, No. 14-12-00349-CV, 2013 WL 865577, at *5 (Tex. App.—Houston [14th Dist.] Mar. 7, 2013, pet. denied) (mem. op.) ("Because Gabriel introduced no evidence of damages stemming from the mistakenly assessed late fees, the trial court properly granted no-evidence summary judgment against his late fee claims.").

The sixth and seventh no-evidence statements—that Lopez had no evidence that Larochelle and Butler had moved or were moving when she terminated their right to possession and no evidence that she had sustained any loss or damage from their move—relate to another part of Lopez's breach-of-contract counterclaim: that Larochelle and Butler breached the Lease by moving without giving her written notice. We hold that the sixth and seventh no-evidence statements, which were made in the context of discussing Lopez's claim that Larochelle and Butler had breached the contract by moving without giving her any written notice, properly informed Lopez that Larochelle and Butler were challenging the breach and damages elements of that

_____

[14]Indeed, Lopez seemingly recognizes the lack of evidence in the summary-judgment record pertaining to this facet of her counterclaim, noting that the alleged failure to report health and safety issues "is only one of three distinct breaches [she] identifies" and that her failure to provide summary-judgment evidence with respect to this part of her counterclaim "would not have any impact on [her] right to pursue her claim based on the other breaches listed in her counterclaim."

22

aspect of Lopez's breach-of-contract counterclaim. *See Fieldtech Avionics & Instruments, Inc.*, 262 S.W.3d at 824.

Turning to the damages element of that issue, in her brief, Lopez does not point us to any evidence in the summary-judgment record that would raise a fact issue on whether she had sustained any damages resulting from Larochelle and Butler's having moved when she terminated their right to possession, and we have found no such evidence of damages, even when considering the exhibits attached to Lopez's original summary-judgment response.[15]  Thus, we must affirm the trial court's summary-judgment ruling with respect to this facet of Lopez's counterclaim. *See B.C.*, 598 S.W.3d at 259; *see also Gabriel*, 2013 WL 865577, at *5.

The eighth and ninth no-evidence statements—that Lopez had no evidence that she did not "re-rent" or "re-let" the Property—do not identify which element of Lopez's breach-of-contract counterclaim is being challenged.  Thus, those statements will not support summary judgment. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310–11; *Cuyler*, 60 S.W.3d at 212.  And to the extent that those statements might arguably relate to a potential affirmative defense that Lopez failed to mitigate her damages, such a potential affirmative defense is not an essential element of Lopez's breach-of-contract counterclaim. *See Zimmerman Truck Lines, Inc. v. Pastran*,

---

[15]Once again, Lopez seemingly recognizes the lack of evidence in the summary-judgment record pertaining to this aspect of her counterclaim, noting that her alleged challenge relating to Larochelle and Butler moving out of the Property was "only one of three distinct breaches [she] identifie[d]."

587 S.W.3d 847, 862 (Tex. App.—El Paso 2019, no pet.) ("Failure to mitigate damages is an affirmative defense.").

The tenth and eleventh no-evidence statements—that Lopez had no evidence that she provided "a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession" and no evidence that she met the requirements of Texas Property Code Section 92.006(e)—do not identify which element of Lopez's breach-of-contract counterclaim is being attacked. Thus, those statements will not support summary judgment. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310–11; *Cuyler*, 60 S.W.3d at 212.

Having reviewed the no-evidence motion and the summary-judgment record, and after viewing that record in the light most favorable to Lopez—the nonmovant— we hold that Lopez has not produced summary-judgment evidence raising a genuine, material fact issue with respect to two aspects of her breach-of-contract counterclaim: her claim that Larochelle and Butler breached the Lease by (1) failing to report health and safety issues and (2) moving without giving her written notice. Thus, we overrule Lopez's first issue with respect to those parts of her counterclaim.

However, after reviewing the no-evidence motion and the summary-judgment record, we have also determined that Larochelle and Butler did not make any no-evidence challenge relating to the third aspect of Lopez's breach-of-contract counterclaim: her claim that Larochelle and Butler breached the Lease by failing to pay rent. Because no element of that component of the counterclaim was attacked in

24

the no-evidence motion, the trial court erred by granting summary judgment on that part of the counterclaim. *See Three Thousand, Seven Hundred Seventy-Four Dollars and Twenty-Eight Cents U.S. Currency*, 713 S.W.3d at 387; *Timpte Indus., Inc.*, 286 S.W.3d at 310–11. Thus, we sustain Lopez's first issue with respect to that part of her counterclaim.

## IV. CONCLUSION

Having overruled part of Lopez's first issue, we affirm the trial court's grant of Larochelle and Butler's no-evidence motion for summary judgment with respect to two aspects of Lopez's breach-of-contract counterclaim—her claim that they breached the Lease by (1) failing to report health and safety issues to her and (2) moving without giving her written notice. Having sustained the other part of Lopez's first issue, we reverse the trial court's grant of Larochelle and Butler's no-evidence motion for summary judgment with respect to one aspect of Lopez's breach-of-contract counterclaim—her claim that they failed to pay rent. As for Lopez's second and third issues, we sustained those, so we reverse the trial court's grant of Larochelle and Butler's traditional motion for summary judgment and reverse the trial court's award of attorney's fees. We remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Dana Womack
Dana Womack
Justice

Delivered: August 14, 2025

25